## SHELL v. BOYD.

1. The objections, that the complaint does not state facts sufficient to constitute a cause of action. and that necessary parties are not before the court, cannot be considered on appeal where these objections are first raised by exceptions to the Circuit decree.
2. In action by a creditor to set aside for fraud a deed made by his debtor, now deceased, one of the grantees to such deed and a party defendant to the action, who has sold his interest in the land involved, is not incompetent, under section 400 of the Code, to prove, as a witness for plaintiff, the alleged fraud by the circumstances of the transaction and by the declarations of the grantor to such witness.
3. The debtor being dead, and an execution issued against him in his lifetime returned *nulla bona,* the Court of Common Pleas will entertain an action by his creditor, instituted after the judgment has lost its lien, to set aside for fraud a deed made by the debtor while living, to sell the land to pay debts and to marshal the assets.
4. An administrator *de bonis non* may maintain an action in equity to set aside a fraudulent deed made by one who was a debtor by note and judgment to the first administrator, as such.

Before FRASER, J., Laurens, July, 1889.

Action by G. W. Shell, as administrator *de bonis non* of James H. Irby, against James E. Boyd, H. Wilson Boyd, and the distributees of Patsey Boyd, deceased, to set aside a deed of conveyance made by William Boyd, commenced October 25, 1886. William Boyd died a short time before this action was commenced. The deed of A. M. and H. W. Boyd to Patsey Boyd was in the usual form with warranty. H. W. Boyd was put on the stand as a witness for plaintiff, and testified (defendants objecting and excepting) that no consideration passed, and that the grantor said the deed was made to put the property out of the reach of his security debt to the Irby estate; and that no money was paid by Patsey Boyd for the conveyance to her. The Circuit decree was as follows:

1. I am unable to see how H. Wilson Boyd has any interest, either immediate or remote, which will exclude his testimony, under section 400 of the Code; and it seems clearly admissible under section 2216 of the General Statutes.

2. I am satisfied, from his uncontradicted testimony, that the conveyances from Wm. Boyd to his two sons, A. M. Boyd and H. Wilson Boyd, were without consideration and fraudulent. I am also satisfied, from the testimony of this same witness, that the conveyance of the land to their mother was without consideration, and though she may not have had any fraudulent purpose, she could not stand in the position of a creditor for valuable consideration, and holds the land subject to all such equities as attached to it in their hands.

3. When an executor or administrator sells property of an estate, the notes or bonds are payable to him as an individual. It is his contract, and he is described as the personal representative only for the purpose of identifying the paper as assets of the estate. These assets can be identified even by parol testimony, and the fact that they are such, carry them at once to the administrator *de bonis non* on the death of the administrator. There is ample evidence that this judgment belongs to the estate of Irby, and the representative of Harrington is not a necessary party.

4. The fact that, as the law stood at the time of the return of *nulla bona*, the judgments had no lien on the land, cannot affect the case. It is admitted that there was a judgment and a valid execution, and to this there was a return of *nulla bona*. This is sufficient, as all that was necessary to give jurisdiction in equity was the *exhaustion* of the process of law—the plaintiff, as the phrase is, being without remedy at law.

It is therefore ordered, that the exceptions be overruled, and that the report of the master be confirmed. It is also ordered and adjudged, that the master, after due advertisement, do sell the land described in his complaint, &c.

*Messrs. W. H. Martin* and *F. P. McGowan*, for appellants.

*Messrs. Ferguson & Featherstone*, contra.

March 22, 1890. The opinion of the court was delivered by MR. JUSTICE McGOWAN. On March 16, 1867, John W. Harrington, as administrator of the estate of James H. Irby, deceased, brought an action on a bond given to him for a negro slave, at

the administrator's sale, against William Boyd, and on May 28, 1875, recovered judgment thereon for $1,535.35; execution was issued and returned *nulla bona* in 1879. On June 2, 1871, previous to judgment, the obligor, William Boyd, made a deed of his land (198½ acres) to his two sons, A. M. Boyd and H. W. Boyd, for the consideration expressed of $1,500. On February 11, 1875, still before judgment, the said A. M. Boyd and H. W. Boyd, for the same amount expressed for consideration, conveyed the land to their mother, Mrs. Patsey Boyd. Some time after, John W. Harrington died, and the plaintiff, George W. Shell, was appointed administrator *de bonis non* of the estate of the said James H. Irby.

In 1886, it was for the first time communicated to a member of the Irby family, that the aforesaid conveyances of the land were all without consideration, and made expressly to defeat the Irby judgment, which was on a security debt for a friend, who had purchased a negro slave. Thereupon, the plaintiff, as administrator *de bonis non*, instituted this action, to set aside all of the aforesaid deeds as fraudulent and void, and to sell the land for the payment of the debts of William Boyd, the defendant in execution. The cause was referred to the master, C. D. Barksdale, Esq. H. W. Boyd, one of the defendants—a son of William Boyd, the debtor—was examined as a witness for the plaintiffs, against objection made by counsel of other defendants. The plea of lapse of time was interposed, and the point was also made that John W. Harrington recovered the judgment, and the legal title being in him, the plaintiff, as administrator *de bonis non*, could not maintain an action to enforce its payment. The master did not sustain these objections, but proceeded to consider the case, and found that all the conveyances of the land were without consideration, intended to defeat the Irby judgment, and were absolutely void, &c.

The case was heard on exceptions to this report by Judge Fraser, who confirmed the report, ordered the land sold for the payment of the debts of William Boyd, and directed his creditors to be called in by publication. From this decree the defendants appeal to this court upon the following grounds: "I. Because his honor erred, it is respectfully submitted, in not holding that

the testimony of H. Wilson Boyd was incompetent and insufficient to vacate the deeds in question. II. He erred in holding that the judgment described in the complaint was assets of the estate of James H. Irby, deceased. III. He erred in not holding that the court was without jurisdiction of the alleged cause of action. IV. He erred in converting this action into one for the benefit of the creditors generally of William Boyd, deceased, and in ordering a sale of the lands and the calling in of creditors to establish their claims. V. He erred in not holding that the personal representative of John W. Harrington and William Boyd were necessary parties to this action. VI. He erred in not holding that the complaint did not state facts sufficient to constitute a cause of action."

As to the last ground of appeal, it does not appear that the point was made and decided on the Circuit, and therefore it is not now before us on appeal. We cannot consider, as an original question raised here for the first time, whether the complaint states facts sufficient to constitute a cause of action. *Miller* v. *George*, 30 S. C., 526. The same may be said as to the fifth exception, that the personal representatives of John W. Harrington and of William Boyd were necessary parties.

We do not think there was error in admitting the testimony of H. Wilson Boyd, one of the brothers, to whom William Boyd made the original conveyance of June 2, 1871. It is true that he was a party on the record as one of the defendants. But we do not understand that section 400 of the Code was ever intended to take from one named as a party the *locus penitentiæ*, and to compel him to remain silent, when he is willing to tell the truth against his own interest, even if his testimony should affect the rights of others. See *Robinson* v. *Robinson*, 20 S. C., 572, and section 2214 of the General Statutes.

Then, had the court jurisdiction? We have no doubt of it. The contention is, that in order to enable a creditor to ask equitable relief in setting aside a fraudulent conveyance by a debtor, it is necessary, in the first place, that judgment at law should be recovered against him, and the execution returned *nulla bona*. There was such judgment and return here. It is claimed, however, that the judgment having lost its lien by the lapse of time,

the matter must be considered as if there never had been a judgment. We cannot take that view. At all events, the object of the rule had been accomplished. It is clear that all the legal remedies of the creditor had been exhausted. This was not simply an action *inter vivos*, to set aside the deeds, but in reality a creditor's bill to set aside conveyances of a deceased debtor, to sell the lands to pay debts and marshal the assets of his estate. "The validity of the creditor's claim need not be established by judgment in such case." *Hagan* v. *Walker*, 14 How., 29, and the authorities cited in the notes to 4 Am. & Eng. Encycl. L., 581.

The only remaining question is as to the right of the administrator *de bonis non* to maintain this action in equity to set aside the fraudulent deeds, and to sell the lands for the payment of the debts of the deceased debtor. The secret vice in the conveyance of the land was not discovered until after the death of the first administrator; and if the administrator *de bonis non* cannot move to set it aside, we do not know who could. Certainly the personal representative of the first administrator could not. We know it has been contended that the administrator *de bonis non*, as indicated by the tenor of his commission, is limited to the goods, which were *in specie* and unadministered at the time of the death of the first administrator; but that doctrine was stoutly contested, and has never been established in this State. See *Smith* v. *Carrere*, 1 Rich. Eq., 123, and *Villard* v. *Robert*, 1 Strob. Eq., 402. There is no question here as to the respective rights of the successive administrators. It is true, the legal title of the judgment, as also of the bond on which it was recovered, was in John W. Harrington, but expressly as administrator of the estate of James H. Irby. It was affected by an express trust, and, as we think, was part of the assets of that estate unadministered at the death of the first administrator; and having a distinct identity and "being capable of recognition," was properly passed to the administrator *de bonis non*, whose right and duty it was to collect it if possible, in discharge of the trusts with which it was impressed. *Miller* v. *Alexander*, 1 Hill Ch., 30.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.