14149

EX PARTE CLEVELAND *ET AL.*
PATTERSON v. CLEVELAND *ET AL.*

(181 S. E., 890)

516

*Messrs. A. P. DuBose* and *C. G. Wyche,* for appellant,

*Mr. W. G. Sirrine,* for May Avery Wilkins *et al.,* appellants and respondents,

*Messrs. Blythe & Bonham,* for L. O. Patterson, as executor, appellant and respondent,

*Messrs. Hodges & Hodges,* for respondent, Batson Bros.,

October 21, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The Court adopts, in the main, the agreed statement of counsel appearing in the record as the statement of the case.

This is an appeal by all of the parties concerned from a judgment entered upon a decree of Hon. C. J. Ramage, disallowing a claim filed by J. Norwood Cleveland and allowing a claim filed by Batson Brothers in the estate of Harriet D. Wilkins, deceased.

Pursuant to a rule issued by the Master, J. Norwood Cleveland filed a claim as follows: "Amount due on note in the principal sum of $5,000.00 dated June 23, 1927, execu-

ted by Harriet D. Wilkins in favor of J. Norwood Cleveland, with interest from date at the rate of eight per cent. (8%) per annum, payable semi-annually, and ten per cent. attorneys' fees, less a credit of $2,500.00, August 30, 1929. Interest paid until the date of Mrs. Wilkins' death."

Batson Brothers filed a claim for $1,077.19, together with interest and attorneys' fees, based upon an assignment being dated September 27, 1930, and being made as collateral security for a note of Cleveland to Peoples National Bank, which note, with the assigned collateral, was reassigned on said date by said bank to Batson Brothers.

Objections to both claims were filed by the executor and by the residuary legatees of Mrs. Wilkins. References were held, testimony was taken, and a typewritten report was filed by the Master, recommending the allowance of both claims. Exceptions to this report were filed by the executor and the residuary legatees. After argument, Judge Ramage filed a decree disallowing the claim of Cleveland and allowing the claim of Batson Brothers, for the amount of $1,-314.39, with interest from July 13, 1933, and $75.00 as attorneys' fee.

From so much of the judgment entered upon the decree as disallowed the claim of J. Norwood Cleveland, he appeals. From so much of the decree as allows the claim of Batson Brothers, the executor and the residuary legatees appeal.

The note involved in this controversy was executed on June 23, 1927, by testatrix in favor of J. Norwood Cleveland for the principal sum of $5,000.00. At the hearing before the Master, the execution of said note was proved by a witness thereto, and thereupon, the claimant, J. Norwood Cleveland, rested. The executor and the residuary legatees under the will of Mrs. Wilkins attacked the note on the ground of failure of consideration, and, to establish this defense, called the claimant Cleveland as a witness.

The claimant Cleveland testified in substance that he was a nephew of testatrix; that he formerly owned a lot on

Augusta Street, in the City of Greenville, across the street from the residence of Mrs. Wilkins, and sold it; that, upon hearing of the sale, Mrs. Wilkins expressed regret that the lot had been sold and was apprehensive that someone would build a house on the lot and obstruct the view from her residence.; that, upon stating to her that he would be glad to undertake to get the lot back, Mrs. Wilkins stated that she had no money and gave him the note in controversy to be used in purchasing this lot, which purchase he immediately made; that, instead of taking title in her name, he took title to said lot in his own name, which still remains in his name, and thereafter executed two mortgages on the lot, upon which no interest has been paid for several years; that on August 30, 1929, a payment of $2,500.00 was made on the note; that several years after the execution of the note. Mrs. Wilkins verbally gave him the lot above referred to, and stated to him that she was glad he had never conveyed it to her; that Mrs. Wilkins died on April 14, 1930, and thereafter, on September 27, 1930, said note was pledged to Batson Brothers to secure a pre-existing indebtedness of his to Batson Brothers.

All of this testimony on the part of Cleveland was objected to by his attorneys and attorneys for Batson Brothers on the ground that it was obnoxious to Section 692 of the Code. Attorneys for the executor and residuary legatees contended that so much of said testimony as related to failure of consideration was competent, but that the testimony as to the subsequent gift of the lot to Cleveland was incompetent, as it related to an entirely separate and different transaction, and objected to that portion of it as obnoxious to Section 692. Attorneys for Cleveland and Batson Brothers contended that if any of this testimony was competent, then the entire testimony was admissible.

The testimony of Cleveland showing failure of consideration was in favor of and not against the executor, and was competent. By its terms, the inhibitions

of Section 692 are limited to testimony against the executor. It was enacted to protect an estate under certain circumstances after death has closed the mouth of the decedent. It was never intended to prevent an adverse claimant from telling the truth in favor of decedent's representative. *Shell v. Boyd*, 32 S. C., 359, 11 S. E., 205; *Devereux v. Mc-Crady*, 46 S. C., 133, 24 S. E., 77, 81. We think his Honor, Judge Ramage, was correct in so holding; but we think his Honor erred in holding that this opened the door and rendered the entire testimony admissible. It did render admissible all the testimony in reference to the particular transaction relating to the consideration, the circumstances surrounding the execution of the note, and obtaining the money. The testimony with reference to the gift of the lot was an entirely separate, distinct, and unrelated transaction, occurring several years after the execution of the note, and was obnoxious to Section 692 of the Code.

If the testimony relating to the alleged gift of the lot is excluded, it is clear that there was a failure of consideration for the note, and for the foregoing reasons we agree with the conclusion reached by the Circuit Judge that the claim of J. Norwood Cleveland is not a valid claim against the estate.

As to the Batson claim, we think it must stand or fall with that of Cleveland. It is conceded that the note in question was pledged or assigned to Batson Brothers after maturity, and therefore Batson Brothers took the note subject to any defenses that the maker had against the payee. The fact that the maker has made a payment on the note, unaccompanied by other circumstances, does not alter the rule. The payment made was only a partial one, and upon making same the maker had no right to demand possession of the note. The record is silent as to why and under what circumstances the payment was made. We know of no authority to the effect that if a payment is made by the maker of a note, which is indorsed on the note by the payee, a purchaser after maturity is entitled to assume, without

any further inquiry, that there are no equities between maker and payee as to the unpaid portion. The record fails to show any conduct, acts, or omissions on the part of the maker that would estop her or her representatives from now asserting the defense interposed. For the foregoing reasons, we think that portion of the decree of the Circuit Court allowing the claim of Batson Brothers should be reversed.

It is, therefore, the judgment of this Court that the portion of the decree of the Circuit Court allowing the claim of Batson Brothers is hereby reversed, and the judgment of the lower Court in all other respects is affirmed.

Mr. Chief Justice Stabler, Mr. Justice Bonham and Messrs. Acting Associate Justices G. Dewey Oxner and A. L. Gaston concur.